IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNESSY REGINA SYLVESTER,              ) | |
| ) | |
| Petitioner/Defendant,       ) | |
| ) | CIVIL NO. 06-cv-4086-JPG |
| vs.                                                             ) | |
| ) | CRIMINAL NO. 92-cr-40065 |
| UNITED STATES of AMERICA ,              ) | |
| ) | |
| Respondent/Plaintiff.         ) | |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Prior to the passage of the Antiterrorism and Effective Death Penalty Act, Pub. L 104-132, 110 Stat. 1214 ("the Act"), a motion under § 2255 could be brought at any time. However, since the Act was passed on April 24, 1996, § 2255 now provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the instant case, the Petitioner was sentenced on March 31, 1994. On April 25, 1995, the Petitioner's conviction was affirmed on direct appeal. *United States of America v. Ashley*, 54 F.3d 311 (7th Cir. 1995). The Supreme Court denied certiorari on October 2, 1995. *Ashley v. United States*, 516 U.S. 888 (1995). Therefore, for purposes of § 2255, the Petitioner's conviction became final on October 2, 1995.

Because the Petitioner's conviction became final on or before April 24, 1996, she was required to file his § 2255 motion before April 24, 1997, unless her motion met one of the exceptions set forth in the statute. See *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 117 S. Ct. 2059 (1997); *United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997). The Petitioner has not indicated that her motion meets any of the exceptions set forth in the statute. Therefore, the motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion.

Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Dated:  October 20, 2006

    s/ J. Phil Gilbert
    U. S. District Judge