**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SHAUNESSY REGINA SYLVESTER, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 06-cv-4086-JPG |
| vs. ) | |
| ) | CRIMINAL NO. 92-cr-40065 |
| UNITED STATES of AMERICA , ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion for reconsideration (Doc. 6).

**BACKGROUND**

Petitioner was found guilty, after a jury trial, of one count of possessing with intent to distribute "crack cocaine" in violation of 21 U.S.C. §§ 841(a)(1) and 846. On March 31, 1994, Petitioner was sentenced to 240 months imprisonment and 10 years supervised release. Petitioner's conviction was affirmed on direct appeal on October 2, 1995. *United States v. Ashley*, 54 F.3d 511 (7th Cir. 1995). The Supreme Court denied certiorari on October 2, 1995. *Ashley v. United States*, 516 U.S. 888 (1995).

Following the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005), Petitioner filed motions in the underlying criminal case, *United States v. Sylvester,* No. 92-cr-40065 (S.D. Ill.), seeking to have her conviction overturned or her sentence reduced. In denying Petitioner's motions, the Court noted that the only relief available to Petitioner was a motion to vacate, set aside or correct sentence pursuant to 28

U.S.C. § 2255. The Court directed the Clerk to mail Petitioner § 2255 forms.

On April 27, 2006, Petitioner filed the instant § 2255 motion. On October 20, 2006, however, the Court summarily dismissed the instant § 2255 motion finding that it was time barred.

**DISCUSSION**

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). If a motion challenging a judgment on the merits is served after ten days of the rendition of judgment, the motion falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on October 20, 2006, but the instant motion was not filed until January 3, 2007, well after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused

by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Petitioner asserts that her § 2255 should not have been summarily dismissed because she filed it according to the Court's directions. Furthermore, Petitioner asserts that since the her § 2255 motion asserts claims concerning her constitutional rights, the time limitations for filing a § 2255 case do not apply to her action.

While it is true that the Court invited Petitioner to file a § 2255 motion after her post-judgment motions in the underlying criminal case were denied, nothing in those prior orders states - or should have been interpreted as indicating - that a § 2255 motion would be successful. Rather, the Court intended only to convey that Petitioner was not pursuing her claims through the proper channels. In light of doctrines such as equitable tolling, any consideration by this Court of the timeliness of a future § 2255 motion (if any) filed by Petitioner would have been premature.

Of course, Petitioner did file the instant § 2255 motion and this Court did find that it was time barred. Petitioner's argument that a § 2255 action asserting a constitutional violation can never be time barred is without merit. Furthermore, these arguments do not suggest clerical mistake; instead, these arguments challenge the Court's application of the law to the facts alleged in the § 2255 motion, which may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion (Doc. 6) is **DENIED**.

The Court notes that, based on retroactive changes made to the Sentencing Guidelines, Petitioner filed a motion to modify her sentence pursuant to 18 U.S.C. § 3582(c)(2). The § 3582 motion is currently pending in Petitioner's underlying criminal case and the Court has appointed

counsel to represent Petitioner in that matter.

**IT IS SO ORDERED.**

**Dated: January 15, 2009.**

                                                  **s/ J. Phil Gilbert**
                                                  **U. S. District Judge**